December 14, 1977

## 77–69  MEMORANDUM OPINION FOR THE DIRECTOR OF THE NAVAL PETROLEUM AND OIL SHALE RESERVES, DEPARTMENT OF ENERGY

### Presidential Approval of Naval Petroleum Reserve Contract NOd 4219–2664

This is in response to your request that this Office reconsider the Attorney General's statement, drafted by this Office, that Presidential approval of Naval Petroleum Reserve Contract NOd 4219–2664 was required by 10 U.S.C. § 7431(a) (Supp. 1976). That statement reads as follows:

> [w]e are of the opinion that the Secretary of the Navy is authorized to enter into Contract NOd 4219–2664, subject to consultation with Congress and the approval of the President, as required by 10 U.S.C. § 7431(a) (Supp. 1976).

You have evidently understood this to mean that the statute required Presidential approval of the contract in question.

Section 7431(a) enumerates a number of types of contracts that require the approval of the President after consultation with Congress. The common element of these transactions is that they involve the possible diminution of the rights of the United States with respect to ownership of the reserves, production, or sale of petroleum from the reserves, or receipt of moneys due to the United States on account of the reserves. Contract NOd 4219–2664 gives the consent of the United States to the transfer of certain rights and liabilities under previous contracts with Standard Oil Company of California ("Socal") to a wholly owned subsidiary. Socal guarantees the payment of all future liabilities of the subisidiary, the subsidiary assumes all of the existing liabilities of Socal, and both agree that the United States is not liable for any new costs, taxes, or expenses arising from the agreement. Accordingly, the contract does not fall within the categories enumerated by § 7431(a).

The statement meant the contract was authorized by law but that Congress should be consulted and Presidential approval obtained to the extent required by 10 U.S.C. § 7431(a) (Supp. 1976). Because this contract is not within § 7431(a), the reference to action required by that statute should be disregarded.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*